UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DAMONE WILLIAMS                                         CIVIL ACTION

VERSUS                                                  22-858-SDD-RLB

DARRYL SANDERS AND
THE CITY OF BATON ROUGE

### RULING

This matter is before the Court on a *Motion to Dismiss*[1] filed by Defendants Darryl Sanders ("Sanders") and the City of Baton Rouge (collectively, "Defendants"). Plaintiff, Damone Williams ("Plaintiff"), filed an *Opposition*[2] to the *Motion*. For the reasons set forth below, the *Motion to Dismiss*[3] is DENIED.

### I.     BACKGROUND

This is an excessive force case. On January 18, 2022, Plaintiff was under the influence of drugs and wandering the streets of Eddie Robinson Drive in Baton Rouge, Louisiana.[4] It was broad daylight and Plaintiff was completely naked.[5] At the same time, Defendant Sanders was getting his haircut inside a barber shop on Eddie Robinson Drive.[6] Sanders, who was on duty as a fire investigator for the Baton Rouge Fire Department, saw Plaintiff striking the truck issued to Sanders by the City of Baton Rouge several times with an object.[7] Sanders left the barbershop to confront the intoxicated Plaintiff before taking his city-issued weapon out of its holster and shooting

---

[1] Rec. Doc. 14.
[2] Rec. Doc. 18.
[3] Rec. Doc. 14.
[4] Rec. Doc. 1, p. 3.
[5] *Id.*
[6] *Id.*
[7] *Id.*

1

twice at Plaintiff.[8] The first shot appeared to miss Plaintiff, who quit striking the truck and looked in the direction of Sanders.[9] The second shot hit Plaintiff and resulted in a spinal cord injury that left Plaintiff paralyzed from the waist down.[10] Sanders would later claim that he shot Plaintiff to prevent him from breaking inside the truck where additional firearms were located.[11]

Plaintiff asserts the following claims against Defendants in his *Complaint*: an excessive force claim under the Fourth and Fourteenth Amendments, an aggravated battery and vicarious liability claim under state law, and a punitive damages claim.[12] In response, Defendants assert qualified immunity, discretionary function immunity, and have since filed a *Motion to Dismiss* Plaintiff's claims on these grounds under Federal Rules of Civil Procedure Rule 12(b)(6).[13]

The parties reference a video of the incident in their briefing, but said video will not be considered by the Court because it is not referenced in the *Complaint*.[14] Additionally, the Court need not consider the statement in the *Complaint* that "[a]t no time did Sanders get close enough to Plaintiff to be in physical danger" because there are sufficient alternative grounds to support a denial of the *Motion*.[15]

---

[8] *Id.* at p. 3–4.
[9] *Id.* at p. 4.
[10] *Id.*
[11] *Id.*
[12] Rec. Doc. 1.
[13] Rec. Doc. 14.
[14] *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).
[15] Rec. Doc. 1, p. 3. The parties dispute whether this is a statement of fact or a conclusion of law.

## II.  LAW AND ANALYSIS

### A.  Rule 12(b)(6) Motion to Dismiss

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."'"[16] The Court may consider "the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'"[17] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[18]

In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[19] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[20] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[21] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer

---

[16] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[17] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).
[18] *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)).
[19] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and brackets omitted) (hereinafter "*Twombly*").
[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted) (hereinafter "*Iqbal*").
[21] *Id*.

3

possibility that a defendant has acted unlawfully."[22] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[23] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[24]

### B.     Section 1983 Generally

The Civil Rights Act of 1964, 42 U.S.C. § 1983, creates a private right of action for redressing the violation of federal law by those acting under color of state law.[25] It provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .[26]

"Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"[27]

To prevail on a § 1983 claim, a plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States.[28] A § 1983 complainant must support his claim with specific facts

---

[22] *Id*.
[23] *Taha v. William Marsh Rice Univ.*, 2012 WL 1576099, at *2 (S.D. Tex. 2012) (quoting *Southland Sec. Corp. v. Inspire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).
[24] *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).
[25] *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 82 (1984); *Middlesex Cnty. Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 19 (1981).
[26] 42 U.S.C. § 1983.
[27] *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3, (1979)); accord *Graham v. Connor*, 490 U.S. 386, 393–94 (1989); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985); *Jackson v. City of Atlanta*, 73 F.3d 60, 63 (5th Cir. 1996); *Young v. City of Killeen*, 775 F.2d 1349, 1352 (5th Cir. 1985).
[28] *See Blessing v. Freestone,* 520 U.S. 329, 340 (1997); *Daniels v. Williams,* 474 U.S. 327, 330 (1986); *Augustine v. Doe*, 740 F.2d 322, 324–25 (5th Cir. 1984).

4

demonstrating a constitutional deprivation and may not simply rely on conclusory allegations.[29]

### C. Excessive Force & Qualified Immunity

Plaintiff argues that Sanders violated Plaintiff's right to be free from an excessive force seizure of his person.[30] To prove an excessive force claim, Plaintiff must demonstrate "(1) an injury (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable."[31] Excessiveness turns upon whether the degree of force used was reasonable in light of the totality of the circumstances facing the officer in each case.[32] Relevant factors include the "severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."[33] When deciding whether to use force, officers must determine "not only the need for force, but also 'the relationship between the need and the amount of force used.'"[34] The reasonableness of the officers' conduct cannot be judged with the benefit of hindsight, but must be assessed from the viewpoint of a reasonable officer on the scene at the moment the force is applied.[35] Certainly,

> [n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers . . . violates the Fourth Amendment. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in

---

[29] *See Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995); *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990); *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir.1986); *Angel v. City of Fairfield*, 793 F.2d 737, 739 (5th Cir. 1986).
[30] Rec. Doc. 1, p. 5.
[31] *Ontiveros v. City of Rosenberg*, 564 F.3d 379, 382 (5th Cir. 2009) (quoting *Freeman v. Gore*, 483 F.3d 404, 416 (5th Cir. 2007)).
[32] *Graham*, 490 U.S. at 396 (citing *Tennessee v. Garner*, 471 U.S. 1, 8 (1985)).
[33] *Id.*
[34] *Deville v. Marcantel*, 567 F.3d 156, 167 (5th Cir. 2009) (per curiam) (quoting *Gomez v. Chandler*, 163 F.3d 921, 923 (5th Cir. 1999)).
[35] *See Graham*, 490 U.S. at 396.

circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.[36]

"Excessive force claims are [thus] necessarily fact-intensive and depend[ ] on the facts and circumstances of each particular case."[37] The facts must be judged objectively "without regard to [the officer's] underlying intent or motivation."[38]

Here, Sanders argues that the excessive force claim against him should be dismissed because Plaintiff has not alleged sufficient facts to overcome his defense of qualified immunity. Public officials are entitled to qualified immunity unless the plaintiff demonstrates that (1) the defendant violated an actual constitutional or federal statutory right that is clearly established under existing law, and (2) if so, that the defendant's conduct was objectively unreasonable in light of clearly established law at the time of that conduct.[39] Therefore, to survive a motion to dismiss based on qualified immunity, the plaintiff must allege sufficient facts, which, taken as true, show that the defendant violated his constitutional rights which were clearly established at the time of the violation. If the court determines that there was a violation of a right secured by the Constitution, then it must determine whether the defendant could have reasonably thought his actions were consistent with the rights they are alleged to have violated.[40] The protections afforded by the qualified immunity defense turn on the "objective legal reasonableness" of the defendant's conduct examined by reference to clearly established law.[41]

---

[36] *Id*. at 396–97 (internal citations and quotation marks omitted).
[37] *Poole v. City of Shreveport*, 691 F.3d 624, 628 (5th Cir. 2012) (internal citations and quotation marks omitted).
[38] *Graham*, 490 U.S. at 387.
[39] *See Porter v. Epps*, 659 F.3d 440, 445 (5th Cir. 2011); *Hart v. Tex. Dep't of Crim. Just.*, 106 F. App'x 244, 248 (5th Cir. 2004).
[40] *Anderson v. Creighton*, 483 U.S. 635, 638 (1987).
[41] *Id*. at 639.

In their *Motion to Dismiss*, Defendants argue that Plaintiff fails to allege that he was in flight or away from the officer, and the *Complaint* otherwise includes the allegation that Plaintiff was actively engaged in the criminal activity of damaging property when confronted by Sanders.[42] Defendants further argue that because Plaintiff was engaged in the "attempted theft of a firearm and/or various forms of burglary," the force used in shooting Plaintiff was reasonable under the circumstances.[43]

However, the Court is bound to construe the facts in favor of Plaintiff. Although there are allegations which could be construed to suggest that Plaintiff could possibly pose a threat to Sanders, the pleaded facts do not establish that he posed an immediate threat requiring him to be shot down when Sanders began firing.[44] As alleged in the *Complaint*, Plaintiff was spotted naked, in broad daylight, striking Sanders' vehicle with an object.[45] Plaintiff allegedly appeared to be "slight in build," "under the influence," and "acting in the way a drunk or drug addled person would act."[46] The first gunshot by Sanders missed Plaintiff, and Plaintiff quit striking the truck and looked in the direction of the shooter before Sanders shot at Plaintiff again.[47] There are no allegations that Plaintiff attempted to harm Sanders' person or any other individual.

Plaintiff has plausibly—beyond a mere *possibility*—alleged excessive force on the part of Sanders. Likewise, there can be no question that the situation as pled by

---

[42] Rec. Doc. 14-1, p. 6–7.
[43] Rec. Doc. 14-1, p. 7–9.
[44] See *Summers v. Hinds Cnty.*, 508 F. Supp. 3d 124, 134 (S.D. Miss. 2020) (district court finding that plaintiff negated qualified immunity defense in excessive force case where "[n]othing in the pleaded facts suggests [the plaintiff] posed an immediate threat when [the deputies] shot, much less a threat that would allow the use of deadly force . . .").
[45] Rec. Doc. 1, p. 3.
[46] Rec. Doc. 1, p. 6.
[47] Rec. Doc. 1, p. 4.

7

Plaintiff implicates a clearly established right. In *Amador v. Vasquez*,[48] the Fifth Circuit held that it would violate clearly established law for an officer to shoot a suspect who was holding a knife but had his hands raised and was submissive when shot. The well-pleaded facts in this case establish that Plaintiff possessed "an object" that he was using to damage property—not a person, before stopping to look at an armed Sanders. In other words, Sanders' alleged actions were even more violative of clearly established law than the actions in *Amador*. Because Plaintiff has pled a constitutional violation of a clearly established right, the Court concludes that Sanders is not entitled to qualified immunity at this stage.

### D.    Independent Intermediary Rule

Defendants inexplicably cite to the "Independent Intermediary Rule" to show "whether the plaintiff has been formally charged, or not, defendant's determination that he needed to detain or arrest the plaintiff has been approved by a neutral magistrate, who issued the arrest warrant."[49] However, Plaintiff does not assert a claim for false arrest, and Defendants fail to direct this Court to any instance where the Independent Intermediary Rule has been referenced, or is even relevant, to a claim for excessive force. Defendants' reliance on the "Rule" as a grounds for dismissing Plaintiff's claims is misplaced.

### E.    State Law Claims & Discretionary Function Immunity

Defendants further move to dismiss the state law claims asserted against them in Plaintiff's *Complaint*. Plaintiff alleges that Sanders is liable for the state law claim of aggravated battery and that the City of Baton Rouge is vicariously liable for damages he

---

[48] 961 F.3d 721, 730 (5th Cir. 2020).
[49] Rec. Doc. 14-1, p. 11.

8

inflicted upon Plaintiff because Sanders was acting in the course and scope of his employment as a law enforcement officer at the time of the shooting.

The Court has already found that Plaintiff properly pled the unreasonableness of Sanders' actions in shooting Plaintiff in light of the facts alleged. Accordingly, to the extent Defendants maintain that Plaintiff has failed to plead sufficient factual support to establish the unreasonableness of the force used by a law enforcement officer like Sanders, Defendants' *Motion to Dismiss* the state law claims is also denied at this stage of the litigation.

Additionally, Defendants move to dismiss Plaintiff's state law claims asserting the immunity provided to public entities for policymaking or discretionary acts by Louisiana law pursuant to La. Rev. Stat. § 9:2798.1.[50] In *Bouchereau v. Gautreaux*, the court held that discretionary function immunity was not available as an affirmative defense at the motion to dismiss stage.[51] The same reasoning and analysis employed in *Bouchereau* is applicable here, as this is a fact-intensive question.

Accordingly, Defendants' *Motion to Dismiss* Plaintiff's state law claims is DENIED.

---

[50] The relevant language of Louisiana Revised Statutes § 9:2798.1 is as follows:
    A. As used in this Section, "public entity" means and includes the state and any of its branches, departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, employees, and political subdivisions and the departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, and employees of such political subdivisions.
    B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties.
    C. The provisions of Subsection B of this Section are not applicable:
    (1) To acts or omissions which are not reasonably related to the legitimate governmental objective for which the policymaking or discretionary power exists; or
    (2) To acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct.

[51] *Bouchereau v. Gautreaux*, 2015 WL 5321285, at *15 (M.D. La. Sept. 11, 2015); *see also, Lee v. Ard*, 2017 WL 5349493, at *12 (M.D. La. Nov. 13, 2017).

### F. Punitive Damages

Plaintiff appears to assert a punitive damages claim against Sanders under federal law.[52] Punitive damages may be awarded only when the defendant's individual conduct "is 'motivated by evil intent' or demonstrates 'reckless or callous indifference' to a person's constitutional rights."[53] As previously found by the Court, Plaintiff has properly pled facts demonstrating the unreasonableness of Sanders' actions: Whether there was reckless indifference to Plaintiff's right to be free from excessive force is further established by those same facts. Accordingly, Defendants' *Motion to Dismiss* Plaintiff's punitive damages claim is DENIED.

### III. CONCLUSION

For the reasons set forth above, the *Motion to Dismiss*[54] filed by Defendants Darryl Sanders and the City of Baton Rouge is hereby **DENIED.**

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on March 15, 2024.



**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[52] Rec. Doc. 1, p. 8, "Plaintiff also seeks punitive damages for **willful indifference to his federally protected rights** against Daryl Sanders, who with his violence, has effectively ended plaintiff's quality of life." (emphasis added). Louisiana law prohibits "punitive or other 'penalty' damages . . . unless expressly authorized by statute." *Int'l Harvester Credit Corp. v. Seale*, 518 So.2d 1039, 1041 (La. 1988); *see also Chambers v. NASCO*, Inc., 501 U.S. 32, 75 (1991) (Kennedy, J., dissenting); *see also Golden v. Columbia Cas. Co.*, 2015 WL 3650790, at *9 (M.D. La. June 11, 2015); *Bouchereau v. Gautreaux*, 2015 WL 5321285, at *16 (M.D. La. Sept. 11, 2015) Plaintiff has not identified any Louisiana statutory provision authorizing an award of punitive damages for the alleged state law claim, and therefore cannot recover punitive damages for those claims.
[53] *Williams v. Kaufman Cnty.*, 352 F.3d 994, 1015 (5th Cir. 2003) (citation omitted).
[54] Rec. Doc. 14.